**VIA ECF**

The Honorable Colleen McMahon.
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

<u>Re: Johnson v. Central Intelligence Agency, Civil Case No. 1:17-cv-01928</u>

Dear Judge McMahon:

    Plaintiff Adam Johnson respectfully submits this letter brief in reply to the Central Intelligence Agency's ("CIA") Supplemental Memorandum of Law in response to the Court's January 19, 2018 Order (the "Order").

    Despite the Court's notice to the CIA that it does not find *Phillippi v. CIA*, 655 F.2d 1325 (D.C. Cir. 1981) persuasive, the Government's Supplemental Memorandum simply offers more of the same. Notwithstanding the Court's request to furnish it with cases substantiating the "non-waivability" of Exemption 3, no such examples are offered. Order at 9. Instead, the CIA reiterates the same flawed premise previously offered: that disclosure is not public if the members of the public disclosed to don't, in turn, share it with the **rest** of the public (or at least are **asked** not to). This is the very tautology at the core of *Phillippi* and its progeny that this Court correctly rejected in the Order.

    The CIA's Supplemental Memorandum begins by – once again – approvingly citing *Wilson v CIA*, 586 F.3d 171 (2d. Cir. 2009). But, as the Court itself recognized, Wilson holds that classified information is deemed officially disclosed when it matches "the information previously disclosed" and is "made public through an official and documented disclosure." *Id*. at 186. And, here, as the Court stated in its Order, Plaintiff is seeking "exactly the same information (the identical emails, word for word) from exactly the same source," an authorized CIA disclosure. Order at 9.

    The Government's brief principally relies on five cases.  Four are plainly inapposite:

- In *CIA v Sims*, the information released to the public (the identities of certain research institutions involved in a secret program) did not match the material sought (the identity of other institutions that had not been disclosed).  471 U.S. 159 (1985).  Therefore, no waiver took place.

- *U.S. DOJ v Reporters Comm. For Freedom of the Press* also misses the mark. 489 U.S. 749 (1989).  That case involved defining what is "private" under FOIA where, unlike where, unlike here, there has been no prior disclosure.

- *Students Against Genocide v Dep't of State*, which dealt with photographs displayed in a presentation by former U.N. Ambassador Madeline Albright, is similarly inapposite. 257 F.3d 828 (D.C. Cir. 2001).  The photographs at issue in the case were not released "at all." *Id*. As the court stated, "[a]lthough

1

>   Ambassador Albright displayed them to the delegates, she retained custody, and none left the U.N. chamber." *Id*.
>
> - In *Klayman v CIA* no documented disclosures were identified. 170 F.Supp.3d 114, 124 (D.D.C. 2016). Rather, the plaintiff relied upon press reports citing non-agency sources. Therefore, the disclosures were not officially acknowledged and were instead "made by someone other than the agency from which the information is being sought." *Id*. (citing *Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999)).

The fifth case, *Judicial Watch v. U.S. Dep't of Defense* fares no better because it suffers from the same infirmities as *Phillippi*. 963 F. Supp. 2d 6 (D.D.C. 2013). *Judicial Watch* involved a series of disclosures by the CIA concerning the successful raid of Osama Bin Laden's compound with the director and screenwriter of a film based on the events, "Zero Dark Thirty." Despite the highly sensitive nature of the material, the CIA turned it over to the plaintiff, save for the names of four CIA operatives and one Navy SEAL, all of whose names were contained on transcripts of conversations between the Under Secretary of Defense for Intelligence and the filmmakers. The court concluded that, notwithstanding the disclosure of the material to filmmakers, the information was not "truly public." This logic fails, just as it did in *Phillippi*, because civilian screenwriters without security clearances are plainly members of the "public" and the Government cannot define public to mean members of the public it is **not** disclosing information to.

      The Government's position that it may selectively disclose without waiver, if it has the best of intentions, knows no logical limits and would render the FOIA waiver doctrine a nullity. The CIA's motive in releasing the information is irrelevant under FOIA. Whether good reason, bad reason, or no reason at all, what matters is that an authorized disclosure took place. If the CIA does not wish to waive its secrecy prerogative, it cannot authorize a disclosure to a member of the public.

      In short, the CIA has offered no persuasive grounds for the Court to revisit its common sense conclusion that journalists are members of the public and the CIA's documented disclosure here waived its right to invoke FOIA Exemption 3. Accordingly, Plaintiff's Motion for Summary Judgment should be granted.

                                                                                   Respectfully Submitted,

                                                                                 _____/s/_____

                                                                                 Daniel Novack

                                                                                 4 New York Plaza (2nd Floor)
New York, NY, 10004
Tel: 201-213-1425
dan@novackmedialaw.com
*Attorney for Plaintiff*